```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

OMAR J. MILLER,                   :
                                  :
        Plaintiff,                :
                                  :
V.                                :   Case No. 3:10-CV-616 (RNC)
                                  :
UCONN CORRECTIONAL                :
MANAGED HEALTH CARE, et al.       :
                                  :
        Defendant.                :
```

RULING

Plaintiff, a Connecticut inmate, brings this action under 28 U.S.C. § 1983, claiming, among other things, that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Pending is the plaintiff's motion for summary judgment on Count V of his complaint, which alleges deliberate indifference to his need for medical treatment with regard to his right knee against defendants Mark Buchanan, the former head of Correctional Managed Health Care's Utilization Review Committee ("URC"), Richard Furey, the former Health Services Administrator ("HSA") at MacDougall-Walker Correctional Institution (MWCI), and Rikel Lightner, the current HSA of MWCI. For reasons that follow, the motion is denied.

I. Background

Plaintiff suffers from a condition known as degenerative joint disease (DJD), which causes him pain in his right knee on a daily basis. Pl.'s Rule 56(a)(1) Statement at ¶¶ 1, 3 (ECF No. 153-2); Defs.' Rule 56(a)(2) Statement at ¶¶ 1, 3 (ECF No. 160-1). In addition, medical exams have revealed that plaintiff has a tight tendon, crepitus, ostephytes, spurring, and small joint effusion in his right knee. Pl.'s Rule 56(a)(1) Statement at ¶¶ 4, 8, 10, 11 (ECF No. 153-2); Defs.' Rule 56(a)(2) Statement at ¶¶ 4, 8, 10, 11 (ECF No. 160-1). To treat his right knee pain,

an orthopedist - Dr. Mazzocca - prescribed stretching exercises, a comfort sleeve, and Motrin.  Pl.'s Rule 56(a)(1) Statement at ¶¶ 5-7 (ECF No. 153-2); Defs.' Rule 56(a)(2) Statement at ¶¶ 5-7 (ECF No. 160-1).

Plaintiff asserts that defendant Buchanan failed to recommend appropriate treatment options despite plaintiff's complaints about the prescribed treatment and continued pain. Buchanan denies that he was the plaintiff's treating physician and denies that he was responsible for the day-to-day management of plaintiff's pain.  Defs.' Rule 56(a)(2) Statement at ¶¶ 18, 38 (ECF No. 160-1).  Buchanan further disputes that he was deliberately indifferent to plaintiff's medical condition or that his actions led to unnecessary pain and suffering.  Defs.' Rule 56(a)(2) Statement at ¶¶ 38-40, 44 (ECF No. 160-1).

Plaintiff filed multiple grievances complaining about his right knee pain and care and made numerous related requests to defendants Furey and Lightner, including for physician consultations, an MRI, and other orthopaedic care.  As HSAs, Furey and Lightner were responsible for ensuring that medical services were provided as directed by physicians to inmates like plaintiff.  Furey Aff. at ¶ 3 (ECF No. 160-2); Lightner Aff. at ¶ 3 (ECF No. 160-4).  Although plaintiff asserts that defendants' failure to consult with physicians and provide him with requested orthopedic care caused him unnecessary pain and suffering and constituted deliberate indifference, defendants dispute this and deny that they had reason to believe that plaintiff's care was inappropriate.  Defs.' Rule 56(a)(2) Statement  at ¶¶ 32-37, 42-43 (ECF No. 160-1). Indeed, Furey and Lightner - who are not physicians, see Furey Aff. at ¶ 3 (ECF No. 160-2); Lightner Aff. at ¶ 3 (ECF No. 160-4). - deny that they are competent to determine whether medical care is adequate.  Defs.' Rule 56(a)(2) Statement at ¶¶ 21, 22 (ECF No. 160-1).

II. Summary Judgment

Summary judgment may be granted when there is no "genuine issue as to any material fact" and, based on the undisputed facts, the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In assessing the evidence, the court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard evidence favorable to the movant that a jury would not have to believe. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).  Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact for trial. Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003).

III. Analysis

Inadequate medical care violates the Eighth Amendment if it demonstrates "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To prove his claim, plaintiff must meet two requirements.  "The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (internal citations omitted).  Plaintiff must demonstrate that he was actually deprived of adequate medical care and that the inadequacy caused harm or is very likely to cause future harm. Id. at 279-80.  "The second requirement for an Eighth Amendment violation is subjective: the charged official must act with a sufficiently culpable state of mind." Id. at 280.  The official must have acted with deliberate indifference

to inmate health, a standard equivalent to subjective recklessness, which "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result."  Id.  "[P]roof of awareness of a substantial risk of harm suffices" but "even if objectively unreasonable, a defendant's mental state may be nonculpable." Id. at 280-81.  Although plaintiff argues that his claims satisfy both the objective and the subjective prongs as a matter of law, genuine issues of material fact make summary judgment inappropriate.

*A. Defendant Buchanan*

Plaintiff asserts that defendant Buchanan wrongfully denied requests for alternate care such as therapy, pain medication, an orthopaedic consultation and orthoscopic surgery.  Plaintiff does not establish, however, that Buchanan was deliberately indifferent as a matter of law.

First, disputed questions of material fact exist as to whether the alleged deprivation of adequate medical care was sufficiently serious.  "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal citations omitted).  Under this objective prong of the analysis, "[a] serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000) (internal quotations omitted).  Not all alleged deprivations of medical care, even when they cause pain, are sufficiently serious.  See Malsh v. Austin, 901 F. Supp. 757, 762-63 (S.D.N.Y. 1995) (summarizing cases, including cases finding that a mild

4

concussion and broken jaw, a kidney stone, and a broken finger did not satisfy the constitutional "serious medical need" standard). Furthermore, "disagreements between a prisoner and prison officials over treatment decisions fall short of cruel and unusual punishment." <u>Sonds v. St. Barnabas Hosp. Corr. Health Servs.</u>, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) (further explaining that "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim"). Here, the seriousness of the alleged deprivation has not been established, and it is disputed whether plaintiff was deprived of adequate medical care and whether the failure to provide the requested alternate care caused harm. <u>E.g.</u>, Buchanan Aff. at ¶ 10, 12 (ECF No. 160-3); Pl.'s Rule 56(a)(1) Statement at ¶¶ 38-40, 44 (ECF No. 153-2); Defs.' Rule 56(a)(2) Statement at ¶¶ 38-40, 44 (ECF No. 160-1). These disputed material facts preclude summary judgment.

    Even if plaintiff could demonstrate that Buchanan's alleged failure to provide the requested care in these circumstances was objectively sufficiently serious to satisfy the first prong of the analysis, the record indicates that genuine issues of material fact exist as to whether Buchanan acted or failed to act while actually aware of a substantial risk that serious harm would result. Buchanan has stated on the record that he "never had any reason to believe that [plaintiff's] treatment was substandard." Buchanan Aff. at ¶ 12 (ECF No. 160-3). Indeed, Buchanan denies that he was plaintiff's treating physician and that he was responsible for day-to-day pain management. Defs.' Rule 56(a)(2) Statement at ¶ 38 (ECF No. 160-1). Thus, summary judgment is not appropriate.

*B. Defendants Furey and Lightner*

Plaintiff asserts that defendants Furey and Lightner, respectively the former HSA and current HSA at MWCI, were deliberately indifferent to his medical needs as a matter of law because they failed to consult with physicians and obtain the treatment and care that he requested despite his repeated complaints. Disputed issues of fact preclude summary judgment on the claims against these defendants.

As described above, the seriousness of plaintiff's medical condition and the alleged deprivation has not been established beyond dispute. Further, there are disputed issues of fact as to whether Furey and Lightner exhibited the subjective recklessness required to prove deliberate indifference. They state that they were never told by physicians that plaintiff's care was inadequate, Furey Aff. at ¶ 5 (ECF No. 160-2); Lightner Aff. at ¶ 5 (ECF No. 160-4), and deny that they had reason to believe it was. Defs.' Rule 56(a)(2) Statement at ¶¶ 32-37, 42-43 (ECF No. 160-1). They further dispute that they have the required medical knowledge to determine adequate care. Defs.' Rule 56(a)(2) Statement at ¶¶ 21, 22 (ECF No. 160-1). On this record, plaintiff is not entitled to summary judgment against Furey or Lightner.

## IV. Conclusion

Accordingly, plaintiff's motion for summary judgment is hereby denied.

So ordered this 6th day of November, 2013.

/s/RNC
Robert N. Chatigny
United States District Judge